<hr />

(100 South. 47)

No. 24561.

## THOMASON v. GARIC.

(April 21, 1924.)

*(Syllabus by Editorial Staff.)*

Municipal corporations ⬦706(5)—Finding of negligent operation of automobile sustained.

In action for damages resulting from collision between plaintiff's and defendant's automobiles at street intersection, each claiming that the other was at fault, finding for defendant *held* sustained by evidence.

Appeal from Civil District Court, Parish of Orleans, Hugh C. Cage, Judge.

Action by Dr. Louis M. Thomason against John Garic. Judgment for defendant, and plaintiff appealed. Affirmed.

S. A. Montgomery and Arthur H. Browne, both of New Orleans (J. D. Dresner, of New Orleans, of counsel), for appellant.

Edward Rightor, of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. This is a damage suit resulting from a collision between two automobiles. The accident occurred at a street intersection in the city of New Orleans. Plaintiff sued for $15,620.44. Defendant reconvened for $15,066.50. Plaintiff pleaded prescription to the reconventional demand. Pending the issue defendant died, and his heirs were made parties. The trial was before a jury. The judge charged the prescription pleaded to the reconventional demand was well founded. The verdict rejected both demands, and judgment was entered accordingly. Plaintiff moved for a new trial, which was refused. He then appealed; defendants did not.

Plaintiff's large claim for damages is unfounded. His injuries were not of a serious character nor of long duration. His principal injury was a sprained back, which confined him to his home for about a week. The other items of alleged damage are too remote and speculative to merit consideration.

Plaintiff was driving in a northerly direction on South Pierce street. Defendant was driving in a westerly direction on Palmyra street. The cars met at the intersection of said streets.

Each party charges the accident to the negligence of the other. The jury found that the fault lay with plaintiff. The district judge, by refusing a new trial, approved the verdict. Our examination of the record has not disclosed any reason for disturbing their findings.

Plaintiff's principal witness was plaintiff himself. None of his other witnesses saw the accident or gave testimony of any value.

There were nine people in defendant's car: Defendant, his wife, four daughters, a son-in-law, a niece, and a grandchild. This last, an infant, was held in its mother's lap. Defendant's wife, four daughters, and son-in-law testified. Defendant was dead at the time of the trial. The son-in-law, who was driving the car, was the main defense witness.

Defendant was well along in years, was in ill health, and was out for an airing with his family, facts corroborative of the testimony adduced on defendant's behalf that his automobile was being driven carefully and at a reasonable rate of speed. On the other hand, plaintiff, who is a physician, was hurrying to pay a professional call; he failed to slow up on nearing the corner, and when he saw defendant's car approaching he increased his speed in order to pass in front of said car, thus bringing about the collision.

Judgment affirmed.